**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ELET VALENTINE,

    Plaintiff - Appellant,

v.

VERIZON WIRELESS, LLC; CELLCO
PARTNERSHIP, d/b/a Verizon Wireless;
VERIZON COMMUNICATIONS, INC.,

    Defendants - Appellees.

No. 24-1397
(D.C. No. 1:23-CV-2698-DDD-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Elet Valentine entered into a contract with Verizon Wireless for cellphone service but was unhappy with the service provided. The contract's dispute-resolution provision allowed her to seek relief only through arbitration or litigation in small claims court. She initiated arbitration proceedings, but one month before the arbitration evidentiary hearing was to commence, Valentine requested that the arbitration be dismissed so that she could

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed in court instead. The arbitrator granted Valentine's request but advised her that she could now proceed only in small claims court.

Instead of proceeding to small claims court, Valentine filed suit in the United States District Court for the District of Colorado against three named defendants, "Verizon Wireless, LLC," "Verizon Communications, Inc.," and "Cello Partnership d/b/a/ Verizon Wireless" (Cellco), for breach of contract, civil theft, vicarious liability, and gross negligence. Aplt. App., Vol. 1 at 13–14. She also sought a permanent restraining order against the defendants. Only Cellco responded, explaining that it was the entity that contracted with Valentine and, in a subsequent motion, asserting that the other two named defendants did not exist. The district court dismissed Valentine's claims without prejudice because the contract's dispute-resolution provision precluded suit in federal district court. Valentine appeals. We have jurisdiction under 28 U.S.C. § 1291.

Valentine does not challenge the court's dismissal of Cellco. She complains primarily that she was not granted default judgment against the two nonresponsive defendants, even though she served them properly. But there was an ongoing dispute below about whether those entities *existed*, much less had been served properly. Instead of resolving the service-of-process issue, the court properly dismissed Valentine's claims against all defendants without prejudice because of the dispute-resolution provision of the contract.

Ordinarily, the court would have needed to determine whether it had personal jurisdiction over the two nonresponsive defendants *before* entering judgment. *See*

2

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (stating that "we must address . . . personal jurisdiction . . . before reaching the merits of the case" because "a court without jurisdiction over the parties cannot render a valid judgment"). But Valentine's complaint did not distinguish between the defendants in any meaningful respect. Her allegations simply referred to the defendants collectively as "Verizon Wireless" or "Verizon." Thus, judgment against Valentine on her claims vis-à-vis the nonresponsive defendants was inevitable in light of the court's conclusion regarding Cellco. The district court properly dismissed the claims against the nonresponsive defendants without prejudice, just as it had the claims against Cellco, without first resolving the matter of existence/personal jurisdiction. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1168–69 (10th Cir. 2012) (While "we usually must resolve jurisdictional questions before addressing the merits of a claim, we may rule that a party loses on the merits without first establishing jurisdiction when the merits have already been decided in the court's resolution of a claim over which it did have jurisdiction. In these circumstances, resolution of the merits is foreordained, and resolution of the jurisdictional question can have no effect on the outcome." (brackets, citation, and internal quotation marks omitted)). The district court's determination that it could not hear the dispute of course foreclosed any default judgment or permanent restraining order against any named defendant.

For the reasons discussed, we **AFFIRM** the judgment below and **GRANT**

Valentine's motion for leave to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge